## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAYNE BOOTH, *individually and on behalf of all others similarly situated* | : | |
| | : | Complaint – Class Action |
| 2410 Kensington Street Harrisburg, PA 17104 | : | Civil Action No.: _____ |
| | : | **Jury Trial Demanded** |
| Plaintiff, | : | |
| v. | : | |
| RENU COMMERCIAL, LLC 2900 Sycamore Street Harrisburg, PA 17111 | : | |
| and | : | |
| DIRECT BUILDING SUPPLIES LLC 2900 Sycamore Street Harrisburg, PA 17111 | : | |
| Defendants. | : | |

## <u>COLLECTIVE AND CLASS ACTION COMPLAINT</u>

Plaintiff, Shayne Booth ("Plaintiff"), individually and on behalf of all other similarly situated employees of Defendants ReNu Commercial, LLC ("Defendant ReNu") and Direct Building Supplies LLC ("Defendant Direct") (collectively, "Defendants"), by and through his counsel, bring this Collective and Class Action Complaint ("Complaint") against Defendants and allege, upon personal belief as to

himself and his own acts, and as for all other matters upon information and belief, as follows:

## **NATURE OF THE ACTION**

1.      This is a class and collective action brought on behalf of "Misclassified Employees" who work or have worked for Defendants and have been subjected to the unlawful practices detailed herein.

2.      Upon information and belief, the employment practices complained of herein occurred at all of Defendants' locations and worksites, as Defendants had common ownership and utilized common labor policies and practices at each of their locations and worksites.

3.      Defendants' main business operations include sales and installation services for solar, roofing, and related services.

4.      Defendants employ individuals as Service Technicians and/or Solar Consultants (collectively, "Misclassified Employees"), who are and/or were subjected to Defendants' unlawful pay practices.

5.      As Service Technicians and/or Solar Consultants, these employees were primarily responsible for installing and replacing solar equipment as assigned by Defendants.

6.      As explained in detail below, Defendants' systematically and willfully deprived Plaintiff and Misclassified Employees of overtime wages in violation of

the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*, by misclassifying them as exempt employees and failing to pay Plaintiff and Misclassified Employees mandated overtime wages at the rate of one-and-one-half times their regular rate of pay, taking into account non-discretionary bonuses, for all hours worked over forty (40) each work week.

7.    As a result of the aforementioned pay practices, Plaintiff and the members of the Classes (defined below) were illegally under-compensated for their work.

8.    As a result of Defendants' improper and willful failure to pay Plaintiff and the members of the Classes in accordance with the requirements of the FLSA and the PMWA, Plaintiff and the members of the Classes have suffered damages.

9.    Plaintiff and the members of the Classes bring this action for monetary damages, declaratory and injunctive relief, and other equitable and ancillary relief, to seek redress for Defendants' willful, unlawful, and improper conduct.

## **JURISDICTION AND VENUE**

10.    This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."  See 29 U.S.C. § 216(b).

11.     This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

12.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same nucleus of operative fact as their federal law claims.

13.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b) as the Defendant does business in this judicial district and the unlawful practices of which Plaintiff is complaining were committed in this district.

14.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## **PARTIES**

15.     Paragraphs 1 through 14 are hereby incorporated by reference as though the same were fully set forth at length herein.

16.     Plaintiff Shayne Booth is a resident of the United States and Pennsylvania, and currently maintains a residence at 2410 Kensington Street, Harrisburg, PA 17104.

17.     Defendant ReNu Commercial, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 2900 Sycamore Street, Harrisburg, PA 17111.

18.     Defendant Direct Building Supplies LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 2900 Sycamore Street, Harrisburg, PA 17111.

19.     At all relevant times during the statutory period covered by this Complaint, Defendants have transacted business within the Commonwealth of Pennsylvania, including within this judicial district.

20.     Defendants operate with a high degree of interrelated and unified operations that share: (1) common management; (2) common employees between locations; (3) common payroll practices; and, (4) common labor policies and practices complained of herein.

21.     Defendants are collectively a "private employer" who engages in interstate commerce and/or has an annual volume of sales in excess of $500,000.

22.     Plaintiffs and members of the Classes are/were employees who have been employed by Defendants during all relevant times hereto and, as such, are employees entitled to the protections of the FLSA and the PMWA.

23.     At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

## SUMMARY OF CLAIMS

24.    Plaintiff brings this action as a collective action to recover unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

25.    In particular, Plaintiff brings this suit on behalf of the following similarly situated persons:

> All current and former Misclassified Employees who have worked for Defendants in the Commonwealth of Pennsylvania within the statutory period covered by this Complaint and elect to opt in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "FLSA Class").

26.    In addition, Plaintiff bring this action as a state-wide class action to recover unpaid wages pursuant to the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*

27.    Specifically, Plaintiff brings this suit on behalf of a class of similarly situated persons composed of:

> All current and former Misclassified Employees who have worked for Defendants in the Commonwealth of Pennsylvania within the statutory period covered by this Complaint (the "PMWA Class").

28.    The FLSA Class and the PMWA Class are hereafter collectively referred to as the "Classes."

29.    Plaintiff alleges on behalf of the FLSA Class that they are: (1) entitled to unpaid overtime wages from Defendants for hours worked for which Defendants failed to pay them mandated overtime wages for all hours worked over forty (40)

6

hours per work week, as required by law; and, (2) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

30.    Plaintiff alleges on behalf of the PMWA Class that they are entitled to unpaid overtime wages from Defendants for hours worked for which Defendants failed to pay them mandated overtime wages for all hours worked over forty (40) hours per work week, as required by the PMWA.

<u>**FACTUAL ALLEGATIONS**</u>

31.    Paragraphs 1 through 30 are hereby incorporated by reference as though fully set forth at length herein.

32.    Plaintiff and the members of the Classes are, or were, Misclassified Employees employed by Defendants.

33.    Upon information and belief, all of Defendants' locations and worksites are/were operated under uniform policies/procedures applicable to all members of the Classes, including subjecting Misclassified Employees to the unlawful pay practices complained of herein.

34.    Upon information and belief, during the statutory period covered by this Complaint, Defendants have employed at least 100 similarly situated individuals who worked in the position of Service Technician and/or Solar Consultant, or had similar job duties.

## **Plaintiff's Experience Working for Defendants**

35.    On or about April 2019, Plaintiff began his employment with Defendants in the position of Service Technician (at times referred to by Defendants as "Solar Consultant").

36.    Plaintiff worked for and reported to Defendants' common locations located in Harrisburg, Pennsylvania and Dillsburg, Pennsylvania.

37.    As a Service Technician/Solar Consultant for Defendants, Plaintiff's job duties included traveling to client's home and installing and replacing solar panels and associated equipment as assigned by Defendants.

38.    Plaintiff provided the aforementioned services on a schedule determined by Defendants, who instructed Plaintiff where and when to report to work.

39.    Plaintiff was required to perform the aforementioned work in accordance with certain specific guidelines, protocols, and training provided by Defendants.

40.    Defendants directed Plaintiff with respect to the work he performed, the worksites where he performed his work, and the schedule that Plaintiff would perform his work.

41.    The work that Plaintiff performed for Defendants was an integral part of Defendants' business operations.

42.    Defendants provided Plaintiff with tools that Plaintiff needed to perform his job duties.

43.    Plaintiff did not have supervisory authority over other employees or projects, nor the ability to hire and fire employees of Defendants.

## Defendants' Pay Practices

44.    From the start of his employment in or around April 2019 until in or around July 2021, Plaintiff was paid on a piece rate basis as determined Defendants.

45.    Defendants paid Plaintiff a fixed rate per panel installed by Plaintiff.

46.    Defendants based the dollar amount of this fixed rate based on Plaintiff's work assignment.

47.    Defendants set the per/unit amount of this fixed rate between on or around nine (9) dollars per panel and on or about eighteen (18) dollars per panel.

48.    Beginning in or around September 2019 until Defendants stopped paying Plaintiff on a piece rate basis in or around August 2021, Defendants did not pay Plaintiff any overtime pay at a rate of one-and-one-half times Plaintiff's regular rate of pay for all hours worked over forty (40) hours in each work week.

49.    Beginning in or around August 2021 until in or around October 2021, Defendants paid Plaintiff a fixed salary of $1,500 per work week, regardless of the number of hours worked by Plaintiff in each work week.

50.     During this time period, Defendants did not pay Plaintiff any overtime pay at a rate of one-and-one-half times Plaintiff's regular rate of pay for all hours worked over forty (40) hours in each work week.

51.     Beginning on or around October 2021 until the separation of Plaintiff's employment on or about March 24, 2023, Defendants paid Plaintiff a fixed salary of $1,400 per work week, regardless of the number of hours worked by Plaintiff in each work week.

52.     During this time period, Defendants did not pay Plaintiff any overtime pay at a rate of one-and-one-half times Plaintiff's regular rate of pay for all hours worked over forty (40) hours in each work week.

**Plaintiff Signs a Non-Disclosure, Confidentiality, and Non-Solicitation Agreement with Defendants**

53.     On or about October 22, 2021, Plaintiff signed a Non-Disclosure, Confidentiality, and Non-Solicitation Agreement (hereafter, the "Agreement") with Defendants.  See Non-Disclosure, Confidentiality, and Non-Solicitation Agreement, signed by Plaintiff on October 22, 2021, attached as Exhibit A.

54.     The Agreement states that it is "a term and condition and is made contemporaneously in consideration of [Plaintiff's] employment or continued employment, wages and benefits paid to [Plaintiff] by [Defendants] . . . ." Id. at p. 1.

55.    The Agreement summarized Defendant's business practices and the duties of its employees.  Id.

56.    The Agreement states that "[Plaintiff] shall receive full-time or part-time employment with [Defendant] ReNu, which [Plaintiff] agree[s] shall be considered full compensation and consideration to [Plaintiff] for entering into this Agreement."  Id.

57.    The Agreement is governed by the laws of the Commonwealth of Pennsylvania.  Id. at p. 4.

58.    Pursuant to the Agreement, Plaintiff and Defendants (referred to in the Agreement as the "Parties") agreed to toll "any and all claims or causes of action, known or unknown, relating to, arising out of, or in connection with the Agreement, including but limited to claims for alleged breach of fiduciary duty, fraud, negligence, gross negligence, negligent misrepresentation, breach of contract, or any other claims or causes of action whatsoever (collectively, the 'Tolled Claims') . . . ."  Id. at p. 5.

59.    The Agreement states that "the Parties hereby stipulate that an applicable statute of limitations or other Time Defenses applicable to the Tolled Claims shall be deemed tolled from the last known date of occurrence of same until the later of: (a) the expiration of four (4) calendar years from the date of the

execution of this Agreement; or, (b) the written termination effective date of this Agreement by either party." Id.

60.    The Agreement defines the "Tolling Period" as "[t]he period of time during which any applicable statute of limitations or other Time Defenses applicable to the Tolled Claims shall be deemed tolled." Id.

61.    The Agreement states that the "Tolling Period shall run from the date of [the] last known action (not 'the first action that should have been or may have been known')". Id.

**Defendants' Non-Discretionary Pay & Solar Consultant Commission Policy**

62.    From the beginning of Plaintiff's employment in or around April 2019 until on or around November 2021, Defendants paid Plaintiff a non-discretionary bonus based on the number of panels that Plaintiff installed per day.

63.    Defendants set three goals for Plaintiff to meet for panel installations.

64.    When Plaintiff installed more than on or around forty (40) panels, Defendants paid Plaintiff an additional fifty (50) cents or seventy-five (75) cents per panel installed per day, depending on the job.

65.    When Plaintiff installed more than on or around sixty-seven (67) panels, Defendants paid Plaintiff an additional fifty (50) cents or seventy-five (75) cents per panel installed per day, depending on the job.

66.    When Plaintiff installed more than on or around ninety (90) panels, Defendants paid Plaintiff an additional fifty (50) cents or seventy-five (75) cents per panel installed per day, depending on the job.

67.    These per panel bonus payments were based on the number of panels that Plaintiff installed based on predetermined goals set by Defendants.

68.    On or about November 12, 2021, Defendants instituted a Solar Consultant Commission Policy (hereafter, the "Commission Policy").

69.    Defendants issued the Commission Policy in writing in an Employee Handbook dated November 12, 2021.  See Solar Consultant Commission Policy, included in Employee Handbook dated November 12, 2021, attached as Exhibit B.

70.    Pursuant to the Commission Policy, commissions are "earned" when Defendant ReNu "has been fully paid by the customer for the product and services sold, the installation is complete and the inspection has passed."  Id.

71.    The Solar Consultant must be employed by Defendants "at the time that the sale is completed and paid in full by the customer, in order to earn and be paid for that commission."  Id.

72.    The Commission Policy states that "[a]ll payments to the Solar Consultant pursuant to this Solar Consultant Commission Policy will be made on the Friday following the calendar week during which they become due."  Id.

73.    The terms of the Commission Policy can only be changed by a "written document that is: 1) signed by the President or Chief Operations Officer, and 2) specifically states that the terms are being changed." Id.

74.    From the beginning of his employment, Plaintiff always worked over forty (40) hours in a work week.

75.    Plaintiff usually worked approximately fifty-five (55) to sixty (60) hours each work week.

76.    Beginning in or around September 2019, Plaintiff never received overtime pay for hours worked in excess of forty (40) for each work week.

77.    Defendants failed to track Plaintiff's hours worked until on or around January 2023.

78.    Plaintiff kept records of all of the job sites where he worked using Google Maps.

79.    Plaintiff remained employed with Defendants as a Service Technician/Solar Consultant until he resigned on or about March 24, 2023.

80.    Defendants intentionally misclassified Plaintiff as an exempt employee.

81.    Plaintiff did not meet any of the exemptions in order to classify him as an exempt employee.

82.    Plaintiff did not have the authority to formulate, implement, or otherwise deviate from Defendants' pre-established policies or operating practices,

14

but instead performed his job duties subject to specific instructions and/or guidelines provided by Defendants.

83.    As such, Plaintiff's primary job duties did not include the performance of work requiring advance knowledge and the consistent exercise of discretion and judgment.

84.    Moreover, Plaintiff did not have the authority to commit Defendants in matters having significant financial impact, nor did he have the authority to negotiate or otherwise bind Defendants with respect to matters of significance.

85.    Accordingly, Plaintiff did not qualify for the exemptions from overtime for professional or administrative employees under the FLSA/PMWA while he was employed in the position of Service Technician/Solar Consultant.

86.    Moreover, in the role of Service Technician/Solar Consultant, Plaintiff's job did not involve any managerial responsibilities, nor did Plaintiff have any employees reporting to him or to whom he regularly gave direction.

87.    Furthermore, Plaintiff did not have the authority to hire or fire other employees, nor did he make any suggestions or recommendations regarding hiring or employee status changes to which Defendants lent significant weight.

88.    Accordingly, Plaintiff did not qualify for the exemption for executive employees under the FLSA/PMWA while he was employed in the role of Service Technician/Solar Consultant.

89.     Plaintiff's primary duty did not include making sales or obtaining orders for contracts for services or for the use of facilities for which a consideration would be paid by Defendants' customers.

90.     Accordingly, Plaintiff did not qualify for the exemption for outside sales employees under the FLSA/PMWA while he was employed in the role of Service Technician/Solar Consultant.

91.     Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff in his role as a Service Technician/Solar Consultant.

92.     As such, Plaintiff should have been classified as a non-exempt employee and paid overtime wages at a rate of one-and-a-half times his regular rate of pay for all hours worked above forty (40) in a work week.

93.     As a purported exempt employee, Plaintiff was not paid time and a half for all hours worked above forty (40) in a work week from in or around September 2019 through the end of his employment on or about March 24, 2023.

## Integrated Enterprise Allegations

94.     The Agreement identifies both Defendant Direct and Defendant ReNu as Plaintiff's employers.

95.     Defendant Direct and Defendant ReNu are both registered with the Pennsylvania Secretary of State as limited liability companies with a registered office at 2900 Sycamore Street, Harrisburg, PA 17111.

96.     Defendants are a single, integrated enterprise with a high degree of interrelated and unified operations, sharing a common owner, with common labor policies and practices complained of herein.

97.     At all relevant times during the statutory period covered by this Complaint, Defendants have operated as an "enterprise" within the definition of Section 203(r) of the FLSA.

98.     At all relevant times during the statutory period covered by this Complaint, Defendants have operated as a single "employer" as defined by section 333.103(g) of the PMWA.

99.     As such, Defendants are liable to Plaintiff and the members of the Class for all relief sought under the FLSA and the PMWA.

## FACTUAL ALLEGATIONS APPLICABLE TO THE CLASSES

100.    Paragraphs 1 through 99 are hereby incorporated by reference as though the same were fully set forth at length herein.

101.    Plaintiff and the members of the Classes routinely worked more than forty (40) hours in a work week.

17

102.   Plaintiff and the members of the Classes were similarly misclassified as exempt employees and denied overtime wages for all hours worked over forty (40) in a work week as a result of Defendants' unlawful practices, had the same or similar job classifications and job duties, and were subject to the same business practices, payroll practices, and operating procedures.

103.   Despite their classification as exempt employees, Plaintiff and the members of the Classes were actually non-exempt employees of Defendants.

104.   Defendants intentionally misclassified Plaintiff and the members of the Classes as exempt employees.

105.   Plaintiff and the members of the Classes did not meet any of the exemptions in order to classify them as exempt employees.

106.   Plaintiff and the members of the Classes did not have the authority to formulate, implement, or otherwise deviate from Defendants' pre-established policies or operating practices, but instead performed their job duties subject to specific instructions and/or guidelines provided by Defendants.

107.   As such, the primary job duties of Plaintiff and the members of the Classes did not include the performance of work requiring advance knowledge and the consistent exercise of discretion and judgment.

108.   Moreover, Plaintiff and the members of the Classes did not have the authority to commit Defendants in matters having significant financial impact, nor

did they have the authority to negotiate or otherwise bind Defendants with respect to matters of significance.

109.    Accordingly, Plaintiff and the members of the Classes did not qualify for the exemptions from overtime for professional or administrative employees under the FLSA/PMWA while they was employed in the position of Service Technician/Solar Consultant.

110.    Moreover, in the role of Service Technician/Solar Consultant, the job of Plaintiff and the members of the Classes did not involve any managerial responsibilities, nor did Plaintiff and the members of the Classes have any employees reporting to them or to whom they regularly gave direction.

111.    Furthermore, Plaintiff and the members of the Classes did not have the authority to hire or fire other employees, nor did they make any suggestions or recommendations regarding hiring or employee status changes to which Defendants lent significant weight.

112.    Accordingly, Plaintiff and the members of the Classes did not qualify for the exemption for executive employees under the FLSA/PMWA while they were employed in the role of Service Technician/Solar Consultant.

113.    The primary duties of Plaintiff and the members of the Classes did not include making sales or obtaining orders for contracts for services or for the use of facilities for which a consideration would be paid by Defendants' customers.

114.    Accordingly, Plaintiff and the members of the Classes did not qualify for the exemption for outside sales employees under the FLSA/PMWA while they were employed in the role of Service Technician/Solar Consultant.

115.    Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff and the members of the Classes in their role as a Service Technician/Solar Consultant.

116.    As such, Plaintiff and the members of the Classes should have been classified as non-exempt employees and paid overtime wages at a rate of one-and-a-half times their regular rate of pay for all hours worked above forty (40) in a work week.

## CLASS & COLLECTIVE ACTION ALLEGATIONS

117.    Paragraphs 1 through 116 are hereby incorporated by reference as though the same were fully set forth at length herein.

118.    Plaintiff brings this action on behalf of the FLSA Class as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b).

119.    The claims arising under the FLSA may be pursued by those who opt in to this case pursuant to 29 U.S.C. § 216(b).

120.    Plaintiff will request that the Court authorize notice to all current and former similarly situated employees employed by Defendants, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29

U.S.C. § 216(b), for the purpose of seeking unpaid compensation and liquidated damages under the FLSA.

121.   The members of the Classes may be informed of the pendency of this collective action by direct mail, electronic mail, text message, and/or publication.

122.   Plaintiff also brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and the PMWA Class for claims arising under the PMWA.

123.   The claims arising under the PMWA may be pursued by all similarly situated persons who do not opt out of the PMWA Class pursuant to Federal Rule of Civil Procedure 23.

124.   Upon information and belief, the members of the Classes are so numerous that joinder of all members is impracticable.

125.   While the exact number of the members of the Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, the precise number of members of the Classes can be easily ascertained by Defendants.

126.   The members of the Classes can be identified and located using Defendants' payroll and personnel records.

127.   Defendants have acted or refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole appropriate.

128.   The claims of Plaintiff are typical of the claims of the Classes he seeks to represent.  Plaintiff and the members of the Classes work or have worked for Defendants and were subject to the same compensation policies and practices.

129.   Common questions of law and fact exist as to the Classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

A.     Whether Defendants misclassified Plaintiff and the members of the Classes as exempt employees;

B.     Whether Defendants accurately tracked and kept records of all hours worked by Plaintiff and the members of the Classes;

C.     Whether Defendants have failed to pay Plaintiff and the members of the Classes overtime compensation at one-and-one-half times the regular rate of pay for each hour worked over forty (40) each work week; and,

D.     Whether Plaintiff and the members of the Classes are entitled to damages, and if so, the means of measuring damages.

130.   Plaintiff will fairly and adequately protect the interests of the Classes as his interests are aligned with those of the members of the Classes.  Plaintiff has no interests adverse to the Classes he seeks to represent and has retained competent and experienced counsel.

131.   The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.  The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

132.   Plaintiff and the Classes he seeks to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendants' pay practices.

133.   Defendants have violated, and continue to violate, the FLSA.

134.   The forgoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and a willful violation of the PMWA.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201, *et seq.***
**FAILURE TO PAY OVERTIME**
(FLSA Class v. Both Defendants)

135.   Paragraphs 1 through 134 are hereby incorporated by reference as though the same were fully set forth at length herein.

136.   At all relevant times, Defendants as a single enterprise had gross annual revenues in excess of $500,000.

137.   At all relevant times, Defendants have been, and continue to be, a single enterprise employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

138.   At all relevant times, Plaintiff and each of the members of the FLSA Class were misclassified as exempt employees rather than non-exempt employees of Defendants.

139.   At all relevant times, Defendants employed and/or continue to employee Plaintiff and each of the members of the FLSA Class within the meaning of the FLSA.

140.   Pursuant to Section 207(a)(1) of the FLSA, all non-exempt employees must be compensated at a rate not less than one-and-one-half times their regular rate of pay for every hour worked over forty (40) in a work week.

141.   Defendants failed to pay Plaintiff and members of the FLSA Class overtime compensation for all hours worked over forty (40) in a work week.

142.   Defendants failed to accurately track and maintain records of all hours worked by Plaintiff and the members of the FLSA Class.

143.   As a result, Defendants failed to pay Plaintiff and the members of the FLSA Class overtime compensation for all hours worked over forty (40) in a work week at one-and-one-half times their regular rate of pay.

144.    The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

145.    Defendants have violated, and continue to violate, the FLSA.

146.    Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

147.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

148.    Defendants are liable to Plaintiff and the members of the FLSA Class for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

149.    Defendants operate as a single enterprise and are thus liable for the aforementioned relief.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and the FLSA Class:

A.    An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.    An Order from this Court ordering Defendants to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendants during the statutory period covered by this Complaint in the position of Service

Technician, Solar Consultant, and/or in positions with similar job duties, and authorizing FLSA Class counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt in to this lawsuit if they worked for Defendants during the statutory period covered by this Complaint but were not paid overtime as required by the FLSA;

C.    Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

D.    Adjudicating and declaring that Defendants violated the FLSA by failing to pay the mandated overtime wages to Plaintiff and the FLSA Class for all hours worked over forty (40) in the work week;

E.    Awarding Plaintiff and the FLSA Class back pay wages in an amount consistent with the FLSA;

F.    Awarding Plaintiff and the FLSA Class liquidated damages in accordance with the FLSA;

G.    Awarding Plaintiff and the FLSA Class reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

H.      Awarding pre- and post-judgment interest and court costs as further allowed by law;

I.      Granting Plaintiff and the FLSA Class leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and,

J.      An award for all additional general and equitable relief to which Plaintiff and the FLSA Class may be entitled as this Court may deem proper.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT**
**43 P.S. § 333.101, *et seq.***
**<u>FAILURE TO PAY OVERTIME</u>**
(PMWA Class v. Both Defendants)

150.    Paragraphs 1 through 149 are incorporated by reference as though the same were set forth at length herein.

151.    The PMWA provides that an employer must pay certain "minimum wages" to its employees.  <u>See</u> 43 P.S. § 333.104.

152.    The PMWA further provides that "employees shall be paid for overtime not less than one and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a work week.  <u>See</u> 43 P.S. § 333.104(c).

153.    Plaintiff and the members of the PMWA Class were based in Pennsylvania for purposes of coverage under the PMWA by virtue of, among other

things as described above, the fact that they regularly reported to and received directives from Defendants' Harrisburg, Pennsylvania and Dillsburg, Pennsylvania locations, were supervised and subject to decision-making concerning the terms and conditions of their employment by Defendants' Pennsylvania-based management, and worked for Defendants in Pennsylvania.

154.   Defendants misclassified Plaintiff and the members of the PMWA Class as exempt employees instead of non-exempt employees as defined by the PMWA.

155.   Defendants failed to pay Plaintiff and the members of the PMWA Class overtime compensation for all hours worked over forty (40) in a work week.

156.   Defendants failed to accurately track and maintain records of all hours worked by Plaintiff and the members of the PMWA Class.

157.   By failing to pay Plaintiff and the members of the PMWA Class overtime at one-and-one-half times their regular rate of pay for all hours worked over forty (40) in a work week, Defendants have violated the provisions of the PMWA mandating overtime pay to non-exempt employees.

158.   As a result of Defendants' unlawful acts, Plaintiff and the members of the PMWA Class have been deprived of compensation in an amount to be determined at trial, and are entitled to recovery of such amount, together with interest, costs, and attorneys' fees pursuant to the PMWA.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and the PMWA Class:

A.     An award to Plaintiff and the PMWA Class for the amount of unpaid overtime wages to which they are entitled, including interest thereon, and penalties subject to proof, pursuant to the PMWA;

B.     An award to Plaintiff and the PMWA Class of reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the PMWA;

C.     Awarding pre- and post-judgment interest and court costs as further allowed by law; and,

D.     An award to Plaintiff and the PMWA Class for all additional general and equitable relief to which they may be entitled as this Court may deem proper.

## **JURY DEMAND**

159.   Plaintiff and the Classes hereby demand a trial by jury as to all issues so triable.

Respectfully submitted,

**MARZZACCO NIVEN & ASSOCIATES**

By:    */s/ Benjamin Salvina*
       Benjamin Salvina, Esq.
       945 East Park Drive, Suite 103
       Harrisburg, PA 17111
       TEL:  717-231-1640
       FAX: 717-231-1650
       bsalvina@klnivenlaw.com
       *Attorney for Plaintiffs*

Dated: January 29, 2025

## <u>DEMAND TO PRESERVE EVIDENCE</u>

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the members' of the Classes employment, to their potential claims and their claims to damages, to any defenses to same, including but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, emails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.